# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**DAVID MICHAEL DECKER**,

    Petitioner,

v.

**ROB PERSSON**,

    Respondent.

Case No. 6:13-cv-01415-ST

**ORDER ADOPTING FINDINGS AND RECOMMENDATION**

**Michael H. Simon, District Judge.**

    United States Magistrate Judge Janice Stewart issued Findings and Recommendation in this case on July 30, 2015. Dkt. 47. Judge Stewart recommended that the Court deny Petitioner's ("Decker") request for an evidentiary hearing, grant Decker's First Amended Petition for Writ of Habeas Corpus (Dkt. 22), and require Respondent ("Persson") to recalculate Decker's sentence without the felony murder conviction within ninety days and, if appropriate under the resulting calculation, either release him from custody or provide him with a new trial with the assistance of constitutionally effective counsel.

    Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Persson timely filed an objection (Dkt. 52), to which Decker responded (Dkt. 53). Persson argues that: (1) the Findings and Recommendation did not give sufficient deference to the post-conviction relief court's finding on Ground 1(B); (2) the Findings and Recommendation unreasonably construed Oregon law on burglary, resulting in an erroneous finding that *Martinez* excused the procedural default of Grounds 1(C) and 1(F); and (3) if the Court finds Decker's defaulted Grounds 1(C) and 1(F) meet the *Martinez* exception, the Court should refer the case back to Judge Stewart for a hearing on the merits of those claims.

For those portions of Judge Stewart's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court has reviewed *de novo* those portions of Judge Stewart's Findings and Recommendation to which Persson has objected, as well as Persson's objections, Decker's response, and the underlying briefing. The Court agrees with Judge Stewart's conclusions and ADOPTS the Findings and Recommendation.

The Court agrees with Judge Stewart's reasoning regarding Ground 1(B). Persson's objection that Judge Stewart did not apply the proper level of deference to the post-conviction relief court's decision is rejected. Judge Stewart specifically applied "the required level of deference to the PCR trial court's decision as required by the AEDPA" in finding that trial counsel's performance fell below an objective standard of reasonableness by failing to request a lesser-included instruction on fourth-degree assault.

The Court also agrees with Judge Stewart's reasoning relating to Grounds 1(C) and 1(F) regarding the proper interpretation of burglary under Oregon law. As is evidenced by the Oregon Court of Appeals' 2013 decision *In re J.N.S.*, the proper interpretation of Oregon's burglary statute requires criminal intent to be coterminous with the point at which a defendant unlawfully remains in a building, as was found by Judge Stewart. 258 Or. App. 310, 318-19 (2013) (stating that "the proper focus is on the defendant's intent at the initiation of the trespass" and that the policy behind the burglary statute is "to punish trespass for the purpose of committing a crime"). The Court agrees with Judge Stewart that the *Martinez* exception applies to Grounds 1(C) and 1(F).

Decker's final objection is that if the *Martinez* exception applies, the Court should refer the case back to Judge Stewart for a determination of the merits of Grounds 1(C) and 1(F). Judge Stewart, however, listed the deficiencies of counsel and found that "it is likely Petitioner would not have been convicted of felony murder" had trial counsel properly argued and presented the

intent requirement. Thus, Judge Stewart, although not citing to *Strickland*, made the necessary findings regarding the merits of Decker's ineffective assistance of counsel claims in recommending Decker's habeas petition be granted.

The Court ADOPTS Judge Stewart's Findings and Recommendation, Dkt. 47. Decker's First Amended Petition for Writ of Habeas Corpus (Dkt. 22) is GRANTED. Within ninety days of the date of this Order, the state shall recalculate Decker's sentence without the felony murder conviction. If appropriate under the resulting recalculation, the state must either release Decker or commence a retrial within the ninety day period.

**IT IS SO ORDERED.**

DATED this 5th day of October, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge