IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DAVID MICHAEL DECKER**, <br><br>          Petitioner, <br><br>     v. <br><br> **ROB PERSSON**, <br><br>          Respondent. | Case No. 6:13-cv-1415-ST <br><br> **OPINION AND ORDER** |

Robert W. Rainwater, RAINWATER LAW GROUP, 1327 S.E. Tacoma Street, Suite 239, Portland, OR 97202. Of Attorneys for Petitioner.

Ellen F. Rosenblum, Attorney General, and Samuel A. Kubernick, Assistant Attorney General, Department of Justice, 1162 Court Street N.E., Salem, OR 97301. Of Attorneys for Respondent.

**Michael H. Simon, District Judge.**

On July 30, 2015, United States Magistrate Judge Janice Stewart issued Findings and Recommendation in this case finding that Petitioner received constitutionally-deficient assistance of counsel and recommending that Petitioner's Petition for Writ of Habeas Corpus be granted. After obtaining an extension of time to do so, Respondent filed objections to the Findings and Recommendation. This Court reviewed *de novo* the portions of the Findings and

Recommendation to which the objections were directed and on October 5, 2015, adopted the Findings and Recommendation.

On October 6, 2015, the Court entered Judgment granting the Petition and directing the State of Oregon to recalculate Petitioner's sentence without the felony murder conviction and, if appropriate under the resulting recalculation, either release Petitioner or commence a retrial within 90 days. Respondent timely filed a Notice of Appeal on October 30, 2015. The Ninth Circuit set a briefing schedule, setting due dates of February 8, 2016 for Respondent's opening brief, March 8, 2016 for Petitioner's response brief, and 14 days after service of the response brief for Respondent's optional reply brief.

On October 30, 2015, Respondent filed a motion to stay the Court's Judgment until the resolution of Respondent's appeal, requesting expedited consideration. The Court set an expedited briefing schedule and held oral argument on November 13, 2015. For the reasons discussed below, the Court grants in part and denies in part Respondent's motion to stay. The Court stays its Judgment requiring Respondent to commence a retrial of Petitioner within 90 days. The Court denies staying its Judgment requiring Respondent to be released within 90 days.

## STANDARDS

Federal Rule of Appellate Procedure 23(c) provides that "[w]hile a decision ordering the release of a prisoner is under review, the prisoner must . . . be released on personal recognizance, with or without surety" unless a court orders otherwise. This creates "a presumption of release pending appeal where a petitioner has been granted habeas relief." *O'Brien v. O'Laughlin*, 557 U.S. 1301, 130 S. Ct. 5, 6 (2009); *see also Hilton v. Braunskill*, 481 U.S. 770, 774 (1987) ("Rule 23(c) undoubtedly creates a presumption of release from custody in such cases . . . ."). This presumption may be overcome if an appellate court or judge "orders otherwise." Rule 23(c); *Hilton*, 481 U.S. at 774.

PAGE 2 – OPINION AND ORDER

In considering whether to release a petitioner pending appeal, a court should consider the following factors that generally apply to the question of whether to stay a civil judgment:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton*, 481 U.S. at 776. A court may also consider the possibility of flight, whether the petitioner poses a danger to the public, and the State's interest in continuing custody and rehabilitation pending a final determination on appeal. *Id.* at 777. The State's interest in continuing custody "will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Id.* The petitioner's interest in release is "always substantial," but is strongest where the other factors are weakest. *Id.* at 777-78.

A court should consider these factors to see if they "tip the balance" against the presumption of release. *Id.* at 777. This balance depends to a large extent upon the determination of the State's prospects of success on its appeal. Where the State establishes a strong likelihood of success or a "substantial case on the merits," continued custody is permissible if the second and fourth factors militate against release. *Id.* at 778. Where the State's showing of success on the merits falls below a substantial case, "the preference for release should control." *Id.* "[A] district court has broad discretion in conditioning a judgment granting habeas relief, including whether or not to release a prisoner pending appeal." *Stein v. Wood*, 127 F.3d 1187, 1190 (9th Cir. 1997).

## DISCUSSION

### A. Retrial of Petitioner

The Court agrees that the State may be irreparably injured if the State is required to commence any retrial of Petitioner within 90 days. The Ninth Circuit will likely not resolve the

PAGE 3 – OPINION AND ORDER

appeal within this time frame, and it makes little sense to require the State to begin a new trial if there is a possibility that the outcome could be mooted by a reversal of the Court's Judgment on appeal.

Staying the requirement of a retrial, by itself, until after Respondent's appeal is decided will not substantially injure Petitioner. It will permit a determination on the merits of Respondent's appeal before both the State and Petitioner undergo the effort and expense of a retrial. *See, e.g.*, *Franklin v. Duncan*, 891 F. Supp. 516, 520-21 (N.D. Cal. 1995) (concluding that staying the portion of the judgment granting habeas relief that required retrial of the petitioner within 90 days would not harm the petitioner but failure to stay would harm the respondent).

Further, the public interest also arguably favors a stay of retrial to avoid the costs of a possibly unnecessary retrial. A retrial while Respondent's appeal is pending would impose a burden on the parties and may lead to inconsistent verdicts between the first and second trial. Inconsistent verdicts may undermine public confidence in the judicial system if the second trial has a different verdict but then Respondent later is successful on appeal and the original verdict is reinstated. Accordingly, the Court stays its order requiring Respondent to commence the retrial of Petitioner within 90 days of the Court's order granting the habeas petition. Respondent must commence any retrial of Petitioner within 90 days after the mandate issues in the pending appeal (Ninth Circuit Case No. 15-35854), until the time for Respondent to file a petition of writ of certiorari in the U.S. Supreme Court has expired, or, if Respondent files a petition for writ of certiorari, until such time as the petition or any subsequent briefing on the merits are ruled upon by the U.S. Supreme Court, whichever is later.

   B.  **Release of Petitioner**

      1.  **Respondent's likelihood of success on appeal**

   The first factor addresses whether Respondent has a strong likelihood of success on appeal or, failing that, a substantial case on the merits. *Hilton*, 481 U.S. at 778. The Ninth Circuit has not clearly defined "substantial case on the merits." *See Morse v. Servicemaster Global Holdings, Inc.*, 2013 WL 123610, at *3. The Ninth Circuit has, however, generally equated this standard with the sliding-scale standard for evaluating preliminary injunctions; whether "serious legal questions" are raised. *See Leiva-Perez v. Holder*, 640 F.3d 962, 967-68 (9th Cir. 2011). A party meeting this lower threshold is not required to show that it is more likely than not to win on the merit, but if not, must then demonstrate that the balance of hardships under the remaining factors tilts *sharply* in its favor. *Id.* at 968, 970.

   Respondent here raises the same arguments that Respondent made to Magistrate Judge Stewart and to this Court in objecting to the Findings and Recommendation. These arguments have been rejected. Respondent points to no new state or federal case law issued after this Court's order that changes the law or is otherwise inconsistent with Judge Stewart's reasoning, adopted by this Court.

   Judge Stewart found, and this Court agreed, that Petitioner received constitutionally-deficient assistance of counsel at trial. The facts are set out in the Findings and Recommendation, but in short, Petitioner and Justin Starrett were in the apartment of the victim, Kirk Jones, Mr. Jones asked them to leave, they did not leave, Starrett began hitting Mr. Jones with a lamp base, Petitioner then threw a bottle that hit Mr. Jones's head, Starrett began cutting Mr. Jones with a knife, Petitioner left, and then Starrett killed Mr. Jones. Petitioner was charged with felony murder based on the allegation that Mr. Jones was killed during a burglary. The Court found that Petitioner's trial counsel was ineffective because trial counsel did not:

PAGE 5 – OPINION AND ORDER

(1) request a jury instruction that Petitioner could only be found guilty of felony murder if Petitioner did not have permission to either enter or remain in Mr. Jones's apartment and if Petitioner had the specific intent to commit a felony at the time he entered or refused to leave the apartment; (2) argue during a motion for judgment of acquittal or during closing argument that the State failed to offer legally sufficient proof that Mr. Jones died during the course of a burglary, such that Petitioner could not be convicted of the felony murder charge; and (3) request a jury instruction on assault as a lesser-included offense of felony murder, such that the jury was left only with the option of either convicting Petitioner of felony murder or acquitting Petitioner of any criminal conduct, notwithstanding the evidence that Petitioner threw a bottle at the head of Mr. Jones.

### a. Claims relating to Petitioner's intent as necessary to constitute burglary

Although Petitioner did not raise the first two arguments before the State court, the Court found this failure excused under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and under the requisite *de novo* review determined the habeas petition should be granted on these two claims. On the third argument, the Court considered the claim under the deference required by the Antiterrorism and Effective Death Penalty Act ("AEDPA") and concluded the petition should be granted on this claim.

Respondent continues to argue that the opinion of the Oregon Court of Appeals in *In re J.N.S.*, 258 Or. App. 310 (2013) does not apply to the facts of this case and even if it did, it was decided more than six years after Petitioner was convicted and sentenced. As discussed at length in the Findings and Recommendation, *In re J.N.S.* did not purport to change Oregon law or announce new Oregon law—it simply applied the black-letter law that burglary requires trespass for the purpose of committing a crime and thus requires intent to commit a crime at the initiation of the trespass. The fact that *In re J.N.S.* involved an "entry" trespass as opposed to an "unlawful

PAGE 6 – OPINION AND ORDER

remaining" trespass is immaterial—the focus is on the intent at the time of the trespass, whether that time was at entry or at a later period when remaining on the premises became unlawful.

Respondent's argument that *State v. Felt*, 108 Or. App. 730 (1991), governs does nothing to diminish the Court's finding that Oregon law requires that the required intent be at the initiation of the trespass. *Felt* involved whether the defendant, who was given permission to enter the premises, unlawfully remained on the premises at some point, thus creating a trespass. Although the victim never told the defendant to leave, based on the facts of that case, the Oregon Court of Appeals found that the victim had "impliedly" revoked consent for the defendant to remain on the premises and thus the defendant committed trespass by remaining after consent was revoked. The consent was "impliedly" revoked when he victim was pushing the defendant away during an alleged assault. Thus, the issue of whether the defendant had the required intent to commit a crime at the initiation of the trespass was not in dispute and was not discussed by the court. The Oregon Court of Appeals also found that because the victim only gave the defendant permission to come inside to use the phone, when he started physically assaulting the victim, he was no longer acting within the limits of the consent given and was trespassing. Again, the trespass occurred simultaneously with the assault, and whether the defendant had the intent to commit a crime at the initiation of the trespass was not in dispute.

### b. Claim relating to the state court's denial of Petitioner's "lesser included offense" claim

Respondent also argues that the Court did not give appropriate deference to the State court as required under AEDPA and did not give appropriate deference under *Strickland v. Washington*. The Court finds, as it did in adopting the Findings and Recommendation, that the appropriate level of deference under AEDPA and *Strickland* was given in considering this claim. In deciding to leave the jury only with the option of convicting Petitioner of felony murder or

PAGE 7 – OPINION AND ORDER

acquitting him of all criminal conduct, trial counsel provided constitutionally-defective assistance.

The Court finds that Respondent has not shown a strong likelihood of success on the merits or a substantial case on the merits. Accordingly, this factor does not weigh in favor of a stay of the release of Petitioner, and the "preference for release should control." *Hilton*, 481 U.S. at 778. Even if Respondent did show he had a substantial case on the merits, as discussed below the remaining factors do not tip sharply toward release.

### 2.  Whether the State will be irreparably harmed and the State's interest

For the second factor, the State must show "more than 'some possibility' of irreparable injury;" rather, the State must show "that there is a *probability* of irreparable injury if the stay is not granted." *Lair v. Bullock*, 697 F.3d 1200, 1214 (9th Cir. 2012) (quoting *Nken v. Holder*, 556 U.S. 418, 434–35 (2009) and *Leiva–Perez*, 640 F.3d at 968 (emphasis in original)).

The Court finds Respondent has not shown a probability that the State will be irreparably harmed if Petitioner is released. Respondent may pursue his appeal while Petitioner is released. Respondent's primary argument that it will be harmed relates to the requirement that the State commence a retrial while the appeal is pending, which is addressed by the Court staying that portion of its Judgment.

Respondent also argues that Petitioner is a flight risk because Petitioner was homeless at the time of his arrest ten years ago and does not have ties to Oregon. Respondent offers no evidence, however, that Petitioner "poses an especial flight risk." *O'Brien*, 130 S. Ct. at 7. Petitioner submits three letters from family members attesting that Petitioner has been a model prisoner, has held regular jobs at the prison facilities, has verbalized regret for his past choices, is a changed man, has accepted responsibility for his past actions, has grown from his mistakes, desires to be a part of his daughter and immediate family's lives, and desires to be a contributing

PAGE 8 – OPINION AND ORDER

member of society. Petitioner's parents and siblings also pledge love and support, financial resources, and a home for Petitioner if needed. Respondent offers no evidence contradicting these assertions.

The Court appreciates that there is some risk that the State may be harmed in the event the State prevails on appeal and Petitioner is not available to return to custody, or the State does not prevail on appeal, determines to commence a retrial of Petitioner, and Petitioner fails to appear. Although the Court does not believe this risk equates to a probability of irreparable injury, to mitigate concerns regarding Petitioner's risk of flight, the Court releases Petitioner into the custody of Frank and Sallie Decker, his parents, who live in San Antonio, Texas and have committed to helping ensure that Petitioner attends any required court proceedings in Oregon. The Court also directs Petitioner to report to Pretrial Services in the Western District of Texas, and comply with any conditions of supervision directed by his Pretrial Services Officer, including electronic monitoring if so directed. The Court finds in light of all the circumstances of this case and the evidence from Petitioner's family members, that this is sufficient to mitigate any risk of flight by Petitioner.

The State does have a general interest in the continued custody and rehabilitation of the Petitioner. *Hilton*, 481 U.S. at 777. This interest is stronger when the remaining portion of the sentence to be served is long. Here, Petitioner has at least another 16 years to serve on his sentence, and so the State's interest in continued custody and rehabilitation is strong. Balancing all of the factors in considering the State's interest, however, the Court finds that this factor weighs slightly in favor staying the release of Petitioner.

**3. Whether any other party will be irreparably harmed**

As noted by the Supreme Court, the harm to Petitioner will always be substantial if Petitioner is required to continue to serve a prison sentence based on a conviction that the Court

PAGE 9 – OPINION AND ORDER

has found to be unconstitutional. *Hilton*, 481 U.S. at 777. This interest is strongest where the other factors are weakest. Because the Court has found the other factors to be weak in supporting a stay of the release of Petitioner, the Court finds this factor strongly weighs against a stay.

### 4. The public interest

Respondent offers no specific argument relating to the public interest supporting a stay of the release of Petitioner,[1] other than generally to argue that Petitioner is a flight risk and a danger. The Court has already discussed Petitioner's risk of flight, and finds that Respondent offers no evidence that Petitioner is a danger other than arguing that he admittedly committed assault in the underlying crime and previously committed burglary in Texas. The Court finds this is insufficient to show Petitioner is a danger to the public. *See Elliot v. Williams*, 2011 WL 5080169, at *8 (D. Nev. Oct. 25, 2011).

The Court also notes that there is a strong public interest in ensuring that constitutional rights are protected and that no person "be denied of his [or her] liberty without a trial that meets constitutional standards and observes his [or her] constitutional rights." *Griffin v. Harrington*, 2013 WL 3873958, at *5 (C.D. Cal. Jan. 18, 2013) (citing cases). The Court finds that this factor is at best neutral and does not weigh in favor of staying Petitioner's release.

### 5. Conclusion

Considering all of the factors, the Court finds that Respondent has not met his burden of overcoming the presumption that Petitioner should be released.

## CONCLUSION

Respondent's motion for a stay (Dkt. 58) is GRANTED IN PART and DENIED IN PART. The Court stays the portion of its Judgment requiring Respondent to commence any

---

[1] Respondent does argue that the public interest supports a stay of retrial, but the Court has already concluded that such a stay is appropriate.

PAGE 10 – OPINION AND ORDER

retrial of Petitioner within 90 days from the Court's order granting Petitioner's habeas petition. Respondent must commence any retrial of Petitioner within 90 days after the mandate issues in the pending appeal (Ninth Circuit Case No. 15-35854), until the time for Respondent to file a petition of writ of certiorari in the U.S. Supreme Court has expired, or, if Respondent files a petition for writ of certiorari, until such time as the petition or any subsequent briefing on the merits are ruled upon by the U.S. Supreme Court, whichever is later.

The Court denies staying the portion of its Judgment requiring that Petitioner be released. The Court does, however, impose the following conditions on Petitioner's release:

1. Petitioner shall not commit any offense in violation of federal, state, or local law while on release;

2. Petitioner shall appear at all proceedings as required related to this matter, either in this Court or State court, and a new trial and any related proceedings in State court, if any;

3. Petitioner shall be placed into the custody of his parents, Frank and Sallie Decker, located in San Antonio, Texas, who agree to supervise Petitioner in accordance with all conditions of release, use every reasonable effort to assure Petitioner's timely appearance at all scheduled court proceedings, and promptly notify this Court in the event Petitioner violates any condition of release or disappears;

4. The State shall promptly release Petitioner and shall provide timely notice to Petitioner's counsel of Petitioner's estimated release date. Petitioner shall be released when one or both of his parents appear in Oregon and are available physically to take custody of Petitioner;

5. Petitioner must notify this Court, Respondent, U.S. Pretrial Services in the Western District of Texas, and the State Probation office, in writing, before any change in address or telephone number;

PAGE 11 – OPINION AND ORDER

6.     Petitioner shall not possess a firearm or ammunition;

7.     Petitioner shall report to U.S. Pretrial Services in the Western District of Texas, located at 727 East Cesar E. Chavez Boulevard, Suite 636, San Antonio, Texas 78206, within five days of Plaintiff's release from custody;

8.     Petitioner shall be subject to the conditions of release set by U.S. Pretrial Services (or U.S. Probation, if that is the District practice) in the Western District of Texas, including restrictions on travel without prior consent and electronic monitoring, at the discretion of U.S. Pretrial Services or U.S. Probation in the Western District of Texas;

9.     Petitioner shall waive extradition to the state of Oregon, if necessary; and

10.    Petitioner shall not be subject to any surety or bond.

These conditions shall be in effect until the mandate issues in the pending appeal (Ninth Circuit Case No. 15-35854), until the time for Respondent to file a petition of writ of certiorari in the U.S. Supreme Court has expired, or, if Respondent files a petition for writ of certiorari, until such time as the petition or any subsequent briefing on the merits are ruled upon by the U.S. Supreme Court, whichever is later.

**IT IS SO ORDERED**.

DATED this 13th day of November, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge